UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CRIMINAL ACTION NO. 11-82-JBC**

**UNITED STATES OF AMERICA,** **PLAINTIFF,**

**V.** **MEMORANDUM OPINION AND ORDER**

**FREDDIE L. CAMPBELL, JR. (1),** **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on Freddie Campbell, Jr.'s pro se motion for speedy trial and objection to trial continuance. The court will grant Campbell's motion for a speedy trial and will overrule his objection to trial continuance as moot.

The defendant was arrested on June 8, 2011, on the allegations contained in this matter.

On June 10, 2011, the defendant appeared before the Honorable Robert E. Wier, United States Magistrate Judge, on a criminal complaint (R. 1) which was assigned Criminal Case No. 5:11-mj-5077-REW.

Pursuant to Title 18, U.S.C. § 3161(b), any indictment charging an individual with the commission of an offense shall be filed within 30 days from the date on which such individual was arrested.

1

On July 7, 2011, or thirty days from the date of the defendant's arrest, an Indictment (R. 8) against defendant Freddie Campbell, Jr., and a co-defendant was returned by the Grand Jury and filed in the record.

Pursuant to Title 18, U.S.C. § 3161(c)(1), in any case in which a plea of not guilty is entered, the trial of a defendant charged in an indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

The Indictment (R. 8) against Campbell and co-defendant Michael A. Marshall, Jr., was filed and made public on July 7, 2011, and Campbell appeared before Magistrate Judge Wier for an initial appearance and arraignment on the charges contained in the Indictment on July 15, 2011. The jury trial for Campbell and his co-defendant was scheduled on September 6, 2011, which falls 61 days after July 7, 2011, and within the 70-day period of time allowed by Title 18, U.S.C. § 3161(c)(1).

Defendant Marshall moved for a continuance of the trial (R. 31) on August 4, 2011. Campbell filed a response in opposition (R. 32) to the motion and then amended his response (R. 33) stating that he had no objection to the continuance. Marshall's motion to continue the jury trial was granted by order (R. 34) filed on August 11, 2011, and the trial was continued to October 3, 2011. A finding was made that the time between September 6, 2011, and October 3, 2011, was

excluded in computing time under Title 18, U.S.C. § 3161(h)(6), (h)(7)(A) and (h)(7)(B)(iv)[1] of the Speedy Trial Act.

On September 1, 2011, a Superseding Indictment was filed in this matter, again naming Campbell and Marshall as defendants along with nine new co-defendants. Campbell and Marshall appeared before Magistrate Judge Wier on September 9, 2011, for arraignment on the Superseding Indictment and were given a new trial date of November 7, 2011. The minute entry (R. 57) for this arraignment hearing, filed on September 9, 2011, states that the court announced this new trial date consistent with the date to be assigned to new co-defendants and that it comports with the Speedy Trial Act, Title 18, U.S.C. § 3161(h)(6). The minute entry further states that neither defendant objected to the new trial date.

---

[1] (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:

> (6) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.
>
> (B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:
>
>> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

On October 27, 2011, defendant Leslie Michelle Martin moved to continue (R. 127) the trial date of November 7, 2011. Several other co-defendants filed separate motions to continue. (Neace - R. 128, T. Martin - R. 129, J. Martin - R. 131, Maupin – R. 132, McCarty – R. 135, Smith – R. 136). Campbell filed a response (R. 133) stating that he has no objection to the motions to continue. The motions to continue were granted by order (R. 137) filed on November 1, 2011, and the trial was continued to January 9, 2012. A finding was made that the time between October 27, 2011, which was the date of filing of the first motion to continue the trial (R. 127), and January 9, 2012, was excluded in computing time under Title 18, U.S.C. § 3161(h)(6), (h)(7)(A) and (h)(7)(B)(iv) of the Speedy Trial Act.

On its own motion, the court moved the trial from January 9, 2012, to January 10, 2012, by order (R. 145) and made a Speedy Trial finding excluding time under Title 18, U.S.C. § 3161(h)(6), (h)(7)(A) and (h)(7)(B)(iv) of the Speedy Trial Act.

A Second Superseding Indictment (R. 180) was returned on January 5, 2012, naming Freddie Campbell, Jr., three previously named defendants, and four new defendants.

On January 6, 2012, defendant James William Martin moved to continue (R. 190) the jury trial scheduled on January 10, 2012. Defendant Leslie Michelle Martin also filed a separate motion to continue (R. 192) the trial. These motions to continue were granted by order (R. 194) filed on January 10, 2012, and the trial

date of all defendants who had appeared before the court was continued to March 12, 2012. A finding was made that the time between January 6, 2012, which was the date of filing of the first motion to continue the trial (R. 190), and March 12, 2012, was excluded in computing time under Title 18, U.S.C. § 3161(h)(6), (h)(7)(A) and (h)(7)(B)(iv) of the Speedy Trial Act.

Defendant Khevis Lee Campbell moved to continue the trial and to extend the deadline to file defensive motions (R. 241) on February 29, 2012. In consideration of this motion to continue and in order to allow the last defendant, Steven Boyd Washington, to make his initial appearance and arraignment in this matter and in this district, the court granted Khevis Campbell's motion to continue and file defensive motions and continued the trial date pending Washington's appearance in this district by order (R. 247) filed on March 6, 2012. The court made findings that the time between February 29, 2012, which was the date of filing of the motion to continue the trial, and the date on which a new trial will be assigned, is excluded in computing time under Title 18, U.S.C. § 3161(h)(1)(D), (h)(1)(E)[2], (h)(6), (h)(7)(A) and (h)(7)(B)(iv) of the Speedy Trial Act.

---

[2] **(h)** The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
    **(1)** Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—

        **(D)** delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;

        **(E)** delay resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure;

Steven Boyd Washington made his initial appearance and arraignment in the Eastern District of Kentucky before Magistrate Judge Wier on March 29, 2012. By order (R. 262), the court assigned a trial date of May 14, 2012, for Freddie Campbell, Jr., and all remaining co-defendants in this matter who have not entered guilty pleas.

In this analysis, the court has taken a connect-the-dot approach to showing the time that has been afforded Freddie Campbell, Jr. and his co-defendants in consideration of a Speedy Trial by stringing one event to another illustrating how time has been excluded and trial dates have been established in this case according to the Speedy Trial Act. This is the direct line to get from one trial date to the next throughout the whole history of the case up to the current trial date.

Numerous outlying factors are not mentioned or included in this approach. Some of these factors include pro se motions filed by Mr. Campbell himself that could be cause for excluding still more time under Speedy Trial calculations. Other factors relate to co-defendants and their rights to have no less than thirty days to prepare for trial[3], and at the same time have trial commence within the seventy-day time period[4], minus excluded time, as allowed by the Federal Rules. It is not

---

[3] Title 18, U.S.C. § 3161 **(c)(2)** Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se.

[4] Title 18, U.S.C. § 3161 **(c)(1)** In any case in which a plea of not guilty is entered, the trial of a defendant charged in an indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

necessary to include these other factors in the analysis, as there is overlap of the excluded time in this matter resulting in a 70-day trial clock that has yet to expire and the Speedy Trial Act has not been violated.

Accordingly,

**IT IS ORDERED** that Freddie Campbell, Jr.'s pro se motion for speedy trial (R. 249) is **GRANTED** and his jury trial remains scheduled on May 14, 2012, at 9:00 a.m. at Lexington, Kentucky.

**IT IS FURTHER ORDERED** that pursuant to the court's order (R. 247) filed on March 6, 2012, the time between February 29, 2012, and May 14, 2012, is excluded in computing time under Title 18, U.S.C. § 3161(h)(1)(D), (h)(1)(E), (h)(6), (h)(7)(A) and (h)(7)(B)(iv) of the Speedy Trial Act.

The defendant's objection to trial continuance (R. 250) is overruled as moot.

Signed on April 12, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY